IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LYNWOOD POINDEXTER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-16-691 |
| | * | |
| PRINCE GEORGE'S COUNTY, MD, et al. | * | |
| Defendants. | * | |

******

MEMORANDUM OPINION

Pending before the Court is Defendants' Partial Motion to Dismiss or, in the alternative, Motion for Summary Judgment (ECF No. 8). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the Defendants' motion will be GRANTED IN PART and DENIED IN PART.

I.  **BACKGROUND**[1]

This lawsuit arises from Plaintiff's arrest on August 15, 2014. ECF No. 1 at 5. On March 8, 2016, Lynwood Poindexter ("Plaintiff" or "Mr. Poindexter") filed suit against Prince George's County, Maryland and Police Officer Cedric Babineaux ("Officer Babineaux"), in his individual and official capacity, and unknown police officers John and Jane Doe in their individual and official capacities (collectively, "Defendants"). The Complaint alleges that, on August 15, 2014,

---

[1] Unless otherwise noted, the facts here are construed in the light most favorable to the Plaintiff, the nonmoving party.

Plaintiff was unlawfully searched and arrested by Babineaux and the unknown officers for drug possession and possession of a firearm in connection with drug trafficking. ECF No. 1 at 3–5. Plaintiff was released from incarceration after 5 days. ECF No. 1 at 5. During the criminal proceedings, Plaintiff was represented by counsel. ECF No. 22 at 1. The firearms charges against Plaintiff were dropped on October 20, 2014, and the two remaining criminal charges were dismissed on January 29, 2015. ECF No. 1 at 6. On April 30, 2015, Plaintiff notified the County of his intention to file suit against the County and the defendant police officers. ECF No. 1 at 2–3.

The seven-count Complaint asserts claims pursuant to 42 U.S.C. § 1983 for Malicious Prosecution against Officer Babineaux (Count I), False Arrest against Officer Babineaux (Count III), and Illegal Search in violation of the Fourth Amendment against Officers Babineaux and Doe (Count VI). The state tort claims include Malicious Prosecution and False Arrest against Officer Babineaux (Counts II and IV). Plaintiff also alleges violations of Articles 24 and 26 of the Maryland Declaration of Rights for false arrest against Officer Babineaux (Count V) and illegal search against Officers Babineaux and Doe (Count VII). The Plaintiff's Complaint asserts no claims against Prince George's County although the County is named as a defendant.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). When a defendant attaches documents to a motion to dismiss that are not "integral to the complaint" or where the documents' authenticity is disputed, the Court must treat the motion as one for summary judgment to consider the

2

documents. *See CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009); *Syncrude Canada Ltd. v. Highland Consulting Grp., Inc.*, No. RDB-12-318, 2013 WL 139194, at *2 (D. Md. Jan. 10, 2013); Fed. R. Civ. P. 12(d). To be "integral," a document must be one "that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp.2d 602, 611 (D.Md.2011) (citation and emphasis omitted). The April 30, 2015, notice of intention to file suit attached to the Defendants' motion is not integral to the complaint; thus, the Court will treat Defendants' pleading as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

A court may enter summary judgment only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). However, summary judgment is inappropriate if any material fact at issue "may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Washington Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R. Civ. P. 56(e)). "A mere scintilla of proof . . . will not suffice to prevent summary judgment." *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003). "If the evidence is merely colorable, or is not significantly probative, summary

judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50 (citations omitted). At the same time, the court must construe the facts presented in the light most favorable to the party opposing the motion. *See Scott v. Harris*, 550 U.S. 372, 378 (2007); *Emmett*, 532 F.3d at 297.

## III.   ANALYSIS

Defendants argue that the Court should dismiss all of Mr. Poindexter's state law claims because the Plaintiff failed to comply with the notice requirement of the Local Government Tort Claims Act (the "LGTCA"). ECF No. 8 at 2.

Under the LGTCA, local governmental entities can be held liable for state constitutional torts and common law torts. *See Martino v. Bell*, 40 F. Supp. 2d 719, 723 (D. Md. 1999); *DiPino v. Davis*, 729 A.2d 354, 370–71 (Md. 1999). However, to sue a local government or its employees for unliquidated damages based on an injury prior to October 1, 2015,[2] a plaintiff must provide written notice of the claim within 180 days of the injury giving rise to the suit. Cts. & Jud. Proc. § 5-304(b) (2015) (amended 2015); *see also Ashton v. Brown*, 339 Md. 70, 107 n.19 (1995) (holding that the LGTCA applies to constitutional torts). Further, the notice must be provided to the county attorney. *Id.* § 5-304(c)(3)(iii). The Maryland Court of Appeals "expressly has held that the notice requirements . . . are a condition precedent to maintaining an action pursuant to the LGTCA." *Faulk v. Ewing*, 371 Md. 284, 304 (2002); *see also Hansen v. City of Laurel*, 420 Md. 670, 682 (2011) ("It is a longstanding principle of Maryland jurisprudence that the LGTCA notice provision is a condition precedent to maintaining an action directly against a local government [ ] or its employees."). The requirement generally governs

---

[2] The Maryland Legislature extended the notice period from 180 days to one year for cases accruing on October 1, 2015 or later. *See* 2015 Md. Laws Ch. 131 (H.B. 113) (amending § 5-304(b)(1) to provide that notice must be "given within 1 year after the injury").

both common law and state constitutional torts alike. *Rounds v. Md.-Nat'l Capital Park & Planning Comm'n*, 109 A.3d 639, 651–52 (Md. 2015).

Failure to give actual notice is not fatal to a claim if a plaintiff substantially complies with the notice requirements. *Huggins v. Prince George's Cnty., Md.*, 683 F.3d 525, 538 (4th Cir. 2012). Substantial compliance, a narrow exception to the LGTCA notice requirement, "will occur when the local government receives actual notice such that it is given the opportunity to properly investigate the potential tort claim." *Id.* (quoting *Hansen*, 996 A.2d at 891 (alteration, citation, and internal quotation marks omitted)). Notably, "substantial compliance has no application to an outright failure to comply." *Moore v. Norouzi*, 807 A.2d 632, 643 (Md. 2002) (citing *Blundon v. Taylor*, 770 A.2d 658, 670 (Md. 2001)). "There must be some effort to provide the requisite notice and, in fact, it must be provided, albeit not in strict compliance with the statutory provision." *Id.* In addition to showing "substantial compliance as to the content of the notice within the 180-day period," a plaintiff must show substantial compliance "as to the statutory recipient." *Huggins*, 683 F.3d at 538.

Here, Mr. Poindexter properly asserts that his alleged injuries on Count II for malicious prosecution occurred on January 29, 2015, the date that the criminal charges were dismissed. *See Heron v. Strader*, 361 Md. 258, 265 (2000) (arrestee's cause of action for malicious prosecution arose under the LGTCA on the date that he was acquitted of criminal charges). The 180-day period for this claim ended on July 28, 2015. The April 30, 2015, letter was sent to the County Attorney within the 180-day period. Thus, this Court finds that Plaintiff adequately provided notice of his malicious prosecution claim pursuant to the LGTCA, and this claim can proceed. *See* Cts. & Jud. Proc. § 5-304(b).

Mr. Poindexter's alleged injuries on Counts IV, V, and VII for false arrest and illegal search occurred on August 20, 2014, the date he was released following his arrest. *Prince George's County v. Longtin*, 418 Md. 450, 475–80 (2011) (a plaintiff has to provide a notice of claim 180 days after his release to file a false arrest and imprisonment claim when he is imprisoned but released without a trial). The 180-day period ended on February 11, 2015. Plaintiff, through his counsel, sent a letter dated April 30, 2015, to the County's Attorney's Office, and the Attorney's Office received it on May 4, 2015. ECF No. 8-1. Thus, with regards to his state law claims for false arrest and illegal search (Counts IV, V, and VII), Plaintiff did not comply with the LGTCA's notice requirement. *See* Cts. & Jud. Proc. § 5-304(b).

Even if a litigant has not substantially complied with the notice provision, "the court has discretion to waive the notice requirements upon a showing of good cause." *Mitchell v. Housing Authority of Baltimore City*, 200 Md. App. 176, 204 (2011); *see also* Cts. & Jud. Proc. § 5-304(d). With regards to Plaintiff's claims of false arrest and illegal search (Counts IV, V, and VII), the Court must next examine whether good cause has been established to waive the notice requirements.

The test for good cause shown "is that of ordinary prudence . . . whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances." *Bibum v. Prince George's Cty.*, 85 F. Supp. 2d 557, 565 (D. Md. 2000) (quoting *Madore v. Baltimore Cty.*, 34 Md. App. 340, 345 (1976)). Generally, four recognized categories circumscribe good cause in their context: (1) excusable neglect or mistake; (2) serious physical or mental injury and/or location out of state; (3) the inability to retain counsel in cases involving complex litigation; and (4) misleading

6

representations by local government representatives. *See Rios v. Montgomery Cnty.*, 386 Md. 104, 141–42 (2005). If a court determines that good cause exists, the next question is whether the lack of notice has prejudiced the defendant. *Hargrove v. Mayor & City Council*, 146 Md. App. 457, 463–64 (2002); *Martino*, 40 F. Supp. 2d at 722.

Mr. Poindexter contends that good cause exists to waive his untimely filing of the LGTCA notice on his false arrest and illegal search claims because he was without legal counsel, was "legally unsophisticated," and "had no experience, ability or capability to contact or retain a civil attorney" to handle his case. ECF No. 22 at 1. This Court is not persuaded.

In *Bibum v. Prince George's County*, 85 F. Supp. 2d 557 (D. Md. 2000), the plaintiff argued good cause existed to excuse untimely notice because he filed a police complaint form to police headquarters within one month of his alleged injury and was ignorant of the LGTCA notice process. *Id.* at 564–65. This Court disagreed, explaining "[t]hat Bibum simply did not know about the formal notice requirements of the LGTCA does not constitute good cause for his failure to comply."[3] *Id.* at 565. Additionally, Bibum waited over ten months to consult an attorney, demonstrating his lack of diligence. *Id*. "An ordinarily prudent person in a similar situation would have made his own investigation into the existence of any formal notice requirements or consulted an attorney on the matter." *Id*. at 565. *See also Williams v. Montgomery County*, 123 Md. App. 119, 134 (1998) (holding that ignorance of the law does not satisfy good cause when a party represented by an attorney failed to give timely notice because he was unaware of the notice requirement).

---

[3] Since the Court's ruling in *Bibum v. Prince George's County, et al.*, 85 F.Supp.2d 557 (D. Md. 2000), the Maryland Court of Special Appeals has "reaffirmed that the question remains open as to whether ignorance of the statutory notice requirement constitutes good cause." *White v. Prince George's Cty.*, 163 Md. App. 129, 157 (2005).

The same rationale applies to Mr. Poindexter's failure to comply with the LGTCA's notice requirements. Just as the *Bibum* plaintiff had the ability to consult legal counsel, Mr. Poindexter was represented by criminal defense counsel following his arrest. ECF No. 22 at 1 ("Plaintiff had difficulty being clear as to who was his criminal attorney."). Mr. Poindexter's incarceration and criminal proceedings thus did not impede him from learning of the requisite LGTCA notice. *Cf. White v. Prince George's Cty.*, 163 Md. App. 129, 152 (2005) ("the pendency of a criminal case was not sufficient to constitute good cause for late filing.") (quoting *Heron*, 361 Md. at 271). And an ordinary and prudent criminal defendant, if represented by counsel, would at the very least have consulted that counsel. *See Taylor v. Somerset Cnty. Comm'rs*, No. CV RDB-16-0336, 2016 WL 3906641, at *9 (D. Md. July 19, 2016) (citing *Bibum* and finding good cause absent where an incarcerated plaintiff was represented by criminal defense counsel). Even taking Plaintiff's incarceration into account, over eight months passed between from Plaintiff's release from incarceration and the Plaintiff's notice to the county attorney. Accordingly, Plaintiff has not established good cause which would excuse him from LGTCA's notice of claim requirement.

In the alternative, Plaintiff argues that the County Defendants are not entitled to dismissal of any claims because they did not show they were prejudiced by lack of the required notice pursuant to Section 5-304(d). The burden of a local government to show that its defense has been prejudiced, however, only arises "when a claimant has shown good cause to waive the notice provision." *3-D, Inc. v. Town of Grantsville*, No. CV GLR-13-2867, 2014 WL 11411854, at *2 (D. Md. June 4, 2014) (quoting *Halloran v. Montgomery Cnty. Dep't of Pub. Works*, 968 A.2d 1104, 1115 (Md. Ct. Spec. App. 2009)). Because Plaintiff has not shown good cause for failing

to provide proper notice under the LGTCA, Plaintiff's claims of false arrest and illegal search (Counts IV, V, and VII) are dismissed with prejudice as to all County Defendants.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment will be granted in part and denied in part. Plaintiff's Counts IV, V, and VII are dismissed with prejudice as to all County Defendants. A separate order will follow.

| | |
|---|---|
| _11/9/2016_ | _/S/_ |
| Date | Paula Xinis |
| | United States District Judge |