IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LYNWOOD POINDEXTER,

    Plaintiff,

v.                                                                      Civil Action No. PX-16-0691

PRINCE GEORGE'S COUNTY, *et al.*

    Defendants.

******

**MEMORANDUM OPINION**

Pending before the Court is Defendants' motion to enforce a Rule 68 Offer of Judgment. Fed. R. Civ. P. 68. ECF No. 64. Plaintiff Lynwood Poindexter ("Poindexter") also moves to enforce the Offer of Judgment, but under an interpretation that affords him leave to file separately for attorneys' fees pursuant to 42 U.S.C. § 1988. ECF No. 65. The Court now rules because no hearing is necessary. *See* D. Md. Loc. R. 105.6. Upon consideration of the parties' briefing and the evidence in the record, the Court GRANTS Defendants' motion and DENIES Plaintiff's motion.

**I.    Background**

This lawsuit arises from Poindexter's arrest on August 15, 2014. ECF No. 1 ¶12. In his Complaint, Poindexter alleged that Prince George's County police officers approached him without probable cause and searched his car without consent. *Id.* ¶¶ 14-16. Despite failing to recover contraband from his person or vehicle, Poindexter was detained for the next five days, and subsequently charged with possessing controlled substances and firearms. *Id.* ¶¶ 22-29. The firearms charges were dropped two weeks later, and the drug charges were dropped at trial on January 29, 2015. *Id.* 30-33. Poindexter thereafter initiated this action, asserting state common

1

law claims, state statutory claims, and constitutional claims brought pursuant to 42 U.S.C. § 1983 against Prince George's County and the individual police officers. *Id.* ¶¶ 37-78.

Defendants (collectively, "the County") moved for partial dismissal, or in the alternative for summary judgment, arguing that Poindexter's failure to comply with the notice provisions set forth in the Local Government Tort Claims Act, Md. Cod Ann., Cts. & Jud. Proc. § 5-304, barred suit. ECF No. 8. The Court granted the County's motion as to the state law claims for false arrest and illegal search, but denied the motion as to Poindexter's other claims. ECF No. 32.

At the close of discovery, the parties engaged in settlement discussions. ECF No. 57 ¶ 1. Thereafter, on October 3, 2018, the County extended an Offer of Judgment (the "Offer") to Poindexter which reads:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, defendants hereby submit a written offer of judgment on behalf of Officer Dashaun Randall and Officer Cedric Babineaux, to allow judgment to be taken against them in the sum of Fifty Thousand dollars ($50,000.00), inclusive of attorney's fees accrued to date, subject to the following . . . .

ECF No. 64-1 at 2.

The Offer of Judgment further detailed particular undertakings of both sides in connection with the Offer. *Id.* Plaintiff particularly agreed "upon acceptance and payment" to "file an order of satisfaction, execute a release and settlement agreement, execute a dismissal with prejudice in favor of all beneficiaries of this offer of judgment, and otherwise to formalize Plaintiff's release and discharge of all claims by Plaintiff against all beneficiaries of this offer of judgment." *Id.* at 2-3. Notably absent in the list of contemplated filings is a separate petition for attorneys' fees.

On October 5, 2018, Poindexter accepted and signed the Offer. ECF No. 64-2 at 2. Two weeks later, Poindexter filed a joint post-mediation status report on behalf of both parties. ECF

No. 57. The status report informed the Court of the Offer, that the Plaintiff had accepted the Offer, and that "[t]he Offer of Judgment acknowledges Plaintiff's entitlement to attorney's fees pursuant to 42 U.S.C. § 1983 and the corollary 42 U.S.C. § 1988. Accordingly, a motion requesting said fees will be filed for consideration by the Court." ECF No. 57 ¶ 5.

The next day, the County submitted a line "to correct paragraph 5 of the Joint Status Report . . . because Defendants' Offer of Judgment specified that the amount offered was inclusive (not exclusive) of attorneys' fees accrued up to the date the Offer was extended." ECF No. 58. Plaintiff objected, contending that, at best, the attorneys' fees provision in the Offer was ambiguous and should be construed in Plaintiff's favor, thus allowing Plaintiff to file a separate petition for attorneys' fees. ECF No. 59. The Court then held a status conference and directed the parties to submit supplemental pleadings on the scope and enforcement of the Rule 68 Offer of Judgment. ECF Nos. 62, 63.

## II. Analysis

The Court begins with noting that in a § 1983 action, the Court may award "a reasonable attorney's fee as part of the costs" to the prevailing party in the action. 42 U.S.C. § 1988(b). A "prevailing party" is "one who has been awarded some relief by the court" on the underlying claims. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). Practically, the prevailing party must submit to the Court a petition for such fees, detailing the work performed so that the Court may assess the petition for reasonableness and order fees to be paid by the non-prevailing party, if warranted. *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013).

During the litigation, but at least 14 days in advance of trial, a defendant may submit an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ.

3

P. 68(a) ("a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued."). If the plaintiff accepts the offer in writing within 14 days after being served, "either party may then file the offer and notice of acceptance," and "[t]he clerk must then enter judgment." *Id.* If the plaintiff rejects the offer, however, and then obtains a judgment less favorable than the rejected offer, the plaintiff must bear the costs incurred after the offer was made. *See* Fed R. Civ. P. 68(d). Accordingly, "[t]he plain purpose of Rule 68 is to encourage settlement and avoid litigation." *Marek v. Chesny*, 473 U.S. 1, 5 (1985) (internal citations omitted). This is so because the plaintiff, being presented an offer of judgment, must assess in advance his or her chances of receiving an award in excess of the offered amount or risk bearing the costs of proceeding to trial. *Id.* at 11.

The singular dispute is whether the Offer — "the sum of Fifty Thousand dollars ($50,000.00), inclusive of attorney's fees accrued to date" — unambiguously means that $50,000 is the total amount to be awarded to Poindexter, thus barring Plaintiff from petitioning separately for attorneys' fees. Poindexter contends that "there are at least two ways in which the Offer can be understood"—either as "an offer in which the attorney's fees are included in the monetary Judgment," or as "one in which the Offer 'includes' two parts, the payment of $50,000 in addition to a separate payment of attorney's fees." ECF No. 65 at. 2. The Court cannot agree.

Poindexter is correct that where a defendant wishes to "make a lump sum Rule 68 offer inclusive of awardable costs," the defendant must do so by "precise drafting of the offer to recite that costs are included in the total sum offered." *Bosley v. Mineral Cty. Comm'n*, 650 F.3d 408, 413 (4th Cir. 2011) (citing *Marek*, 473 U.S. at 9). *See also Winfrey v. Costco Wholesale Corp.*, 238 F.R.D. 415, 417 (E.D. Va. 2006) ("Parties wishing to include costs or attorney's fees in a

4

Rule 68 offer of judgment must do so explicitly."). This is what the Offer of Judgment has done here.

First, the plain language of the Offer clearly and unambiguously states the amount to be "$50,*000 inclusive of* attorneys' fees accrued to date." The common and ordinary meaning of "inclusive of" is essentially synonymous with "including" or "include." *See Inclusive of*, Merriam Webster Online Dictionary, https://www.merriam-webster.com/dictionary/inclusive%20of?utm_campaign=sd&utm_medium=serp&utm_source=jsonld ("inclusive of" means "including or taking into account," as in "the cost of building inclusive of materials"). Accordingly, the Offer specifically identified attorneys' fees accrued to date as being *included* in the Offer.

Second, the clause "inclusive of" has been endorsed by this Court and the Fourth Circuit as accurately and precisely describing when attorneys' fees are included in a lump sum amount. *Bosley*, 650 F.3d at 413. ("If a defendant intends to make a lump sum Rule 68 offer *inclusive of* awardable costs," it must do so precisely) (emphasis added). *See also Newsom v. Brock & Scott, PLLC*, No. PX-17-2530, 2018 WL 2276162, at *3 (D. Md. May 11, 2018) (construing *ad damnum* clause of "$74,500, inclusive of attorneys' fees and costs" to mean maximum award sought of $74,500 to include attorneys' fees).[1] *Mangani-Kashkett v. Bouquet*, No. PWG-13-1215, 2013 WL 3146939, at *3 (D. Md. June 18, 2013) (Rule 68 offer of $1,500 "to include[ ] any and all damages . . . as well as costs, and reasonable attorney's fees accrued" unambiguously

---

[1] The Court notes that the written Offer, when read as a whole, supports the understanding that the $50,000 sum includes attorneys' fees. The written Offer identifies the pleadings that Plaintiff will execute "upon acceptance and payment." ECF No. 64-1 at 3. The filings listed in the Offer include motions to dismiss claims and close the case, but do *not* include a separate fee petition.

encompasses attorneys' fees). Thus, this Court reads the $50,000 sum offered to encompass attorneys' fees, barring any future petition for the same.

Poindexter contends that because the Offer as drafted was ambiguous, he sought clarification prior to acceptance on whether the Offer included attorneys' fees in the $50,000 amount. The Court first notes that the email exchange which Poindexter claims as "clarifying" seems to support the unambiguous reading that the lump sum of $50,000 includes attorneys' fees. ECF No. 65-2 (Poindexter: "In reference to the Offer of Judgment, just to be absolutely clear, the Offer includes the $50,000 Judgment and attorney's fees to date." County: "Yes. It does. The matrix for the Maryland district court is not the same amount as the Laffey matrix."). More to the point, in the Rule 68 context, "[e]vidence extrinsic to the offer's terms should not be considered." *Bosley*, 650 F.3d at 414 ("We thus reject Appellants' argument that its Rule 68 offer of judgment should be modified on the basis of evidence extrinsic to the written terms contained within it."). This principle is especially valuable in the Rule 68 context because "if courts [could] reconstitute Offers of Judgment, such judicial action would seriously discourage defendants from making such offers by exposing defendants to the risks of liability not contemplated in their offers." *Mangani-Kashkett*, 2013 WL 3146939 at *3 (internal marks and citation omitted). The Court declines to consider the email correspondence between the parties regarding the Offer.

Accordingly, for the above-stated reasons, the Court GRANTS Defendants' motion to enforce the Offer of Judgment as $50,000 inclusive of attorneys' fees, DENIES Plaintiff's motion to enter the Offer of Judgment as $50,000 exclusive of attorneys' fees, enforces the Offer of Judgment as accepted by Plaintiff, and ENTERS JUDGMENT in favor of Plaintiff and against

Defendants Officer Dashaun Randall and Officer Cedric Babineaux in the amount of $50,000. A separate Order follows.

12/19/2018
Date

/S/
Paula Xinis
United States District Judge